UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAGNE DIAGNE *ex rel.* ASSE SYLLA,
Petitioner,

-v-

LADEON FRANCIS, *et al.*,
Respondents.

26-CV-6965 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Petitioner Gagne Diagne, proceeding *pro se* through next friend Asse Sylla, is a citizen of Senegal who was detained by Immigration and Customs Enforcement ("ICE") on August 14, 2026. (ECF No. 1 ("Pet."); ECF No. 9 at 2.) On that same day, Diagne filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, requesting release from ICE custody. (*See* Pet.)

Diagne entered the United States in 2023 without inspection. (ECF No. 9 at 2.) He was served a Notice to Appear on May 3, 2023 and requested a hearing before an immigration judge, asserting a fear of removal to Senegal. (*Id.*) On June 26, 2023, Diagne was released on bond and served an Order of Release on Recognizance. (*Id.*) On May 13, 2026, Diagne failed to appear for his scheduled immigration hearing because he had been arrested by the New York Police Department on the night of the hearing (Pet. ¶ 13) and an immigration judge issued an order of removal *in absentia* to Senegal (ECF No. 9-1). ICE then proceeded to arrest Diagne on August 14, 2026. (ECF No. 9 at 2.) On August 17, 2026, an immigration judge granted Diagne's motion to reopen his removal proceedings. (*Id.*)

Respondents concede that, because his removal proceedings have been reopened, Diagne is no longer detained pursuant to 8 U.S.C. § 1231(a)(2), which provides for mandatory detention for a ninety-day period once an order of removal is final. (*Id.*) Respondents further concede

that, given the Second Circuit's recent decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), and given this Court's prior decisions since then, Gagne's detention is likely governed by 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2)(A). (ECF No. 9 at 2). Indeed, Respondents concede that this case is on all fours with this Court's prior decisions in *A.J.C. v. Genalo*, No. 26-CV-5234, 2026 WL 1831427 (S.D.N.Y. June 25, 2026), and *Yang v. Almodovar*, No. 25-CV-10265, 2025 WL 3678644 (S.D.N.Y. Dec. 18, 2025), both of which concerned a petitioner like Gagne who was apprehended after unlawfully crossing the border, released from custody, and then detained by ICE at a later date. (ECF No. 9 at 2.)

For the reasons stated in *Barbosa da Cunha*, *A.J.C.*, and *Yang*, this Court concludes that Gagne was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Yang*¸ 2025 WL 3678644, at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 491 (S.D.N.Y. 2025)). Respondents admit that "there is no evidence in the record that ICE has made an individualized assessment as required by § 1226(a) after [Gagne's] removal proceedings were reopened on August 17." (ECF No. 9 at 3.) Because Diagne's detention is governed by § 1226(a) and there is no evidence of an individualized assessment "sufficient to qualify as a valid exercise of discretion," *Lopez Benitez*, 795 F. Supp. 3d at 496, his detention violates the Due Process Clause. Accordingly, he must be released. *See Yang*, 2025 WL 3678644, at *2.

Having determined that Diagne's procedural due process rights were violated, the Court does not address his alternative arguments.

The petition for a writ of habeas corpus is GRANTED. Respondents are hereby ORDERED to release Diagne, without electronic monitoring, including but not limited to GPS monitoring, no later than August 19, 2026 at 5:00 p.m. Respondents must release Diagne with

all of his belongings that are in Respondents' possession, including but not limited to identification cards, clothing, and money. Respondents shall confirm compliance with these directives in a filing on the docket by end of day on August 19, 2026. Existing deadlines and the conference previously scheduled for August 20, 2026 at 4:00 p.m. are hereby adjourned.

SO ORDERED.

Dated: August 18, 2026
New York, New York

J. PAUL OETKEN
United States District Judge